### UNITED STATES v. AMERICAN EXPRESS CO

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

No. 124 (1,800).

1. CUSTOMS DUTIES—CLASSIFICATION—ROOTED ROSE CUTTINGS—"PLANTS"—"CUTTINGS OF SHRUBS OR PLANTS."

Under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 252, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650], relating (1) to "rose plants," and (2) to "cuttings" of "shrubs" and of "plants," rooted rose cuttings that have been placed in sand to facilitate handling, but have never been in soil, fall within the latter provision as cuttings of shrubs or plants.

2. WORDS AND PHRASES—"SEEDLINGS."

The word "seedlings" includes all trees or plants grown from seed, irrespective of their age.

Appeal from the Circuit Court of the United States for the Western District of New York.

The decision below affirmed a decision by the Board of United States General Appraisers, which had sustained the importers' protest against the assessment of duty by the collector of customs at the port of Buffalo.

The opinion of the Board of General Appraisers is as follows:

WAITE, General Appraiser. The merchandise consists of rooted rose cuttings of the same character as those passed upon in Board decision in Re American Express Company, G. A. 5,645 (T. D. 25,211). They were assessed for duty at 2½ cents each, under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 252, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650], for "rose plants, budded, grafted, or grown on their own roots," and claimed to be dutiable at 25 per cent. ad valorem, under the last subdivision in the same paragraph. In the case cited the Board held that cuttings of this character were not rose plants within the meaning of the paragraph, but were dutiable at the rate claimed as "cuttings of plants commonly known as nursery or greenhouse stock"; construing the language of the last part of paragraph 252 as though the expression "stocks, cuttings, and seedlings," by which it is introduced, qualified all the following matter. It is hardly necessary to restate here the reasons for that conclusion. Additional evidence has been introduced in this case, and the argument is now made that the construction adopted by the Board in G. A. 5,645 is erroneous, in that it would exclude some mature trees, shrubs, plants, and vines from the provision in question, and thus narrow its operation beyond what Congress intended. This argument apparently rests upon the theory that the words "stocks, cuttings, and seed-

lings" are not sufficiently comprehensive to embrace every form in which the plants named in such provision are imported. The Board is not satisfied that such is the case. The word "seedlings" has been construed to include all trees or plants grown from seed, irrespective of their age. In re Rolker, G. A. 5,305 (T. D. 24,305). The word "stocks," used in its broadest sense, is not restricted to stems for grafting, as will appear from the following definition of the word "stock" given by the Century Dictionary: "The stock, stem or trunk of a tree or other plant; the main body or fixed and firm part. A stem in which a graft is inserted, and which is its support; also, a stem, tree, or plant that furnishes slips or cuttings." It is believed that no sufficient evidence and no adequate reason have been presented for changing the conclusion reached in G. A. 5,645. We accordingly hold the goods in question to be dutiable at 25 per cent. ad valorem, under said paragraph 252, as "cuttings * * * of * * * plants, * * * commonly known as nursery or greenhouse stock." If there is error in this, it is quite probable that they are included in the same provision as "cuttings * * * of * * * shrubs."

The protest is sustained, and the collector's decision reversed.

Lyman M. Bass, U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Judgment affirmed.

NOTE.—The following is the opinion of Hazel, District Judge, in the Circuit Court:

HAZEL, District Judge. The questions submitted arise upon a protest filed with the collector by the importer, who claims that the articles in question are rose cuttings and dutiable at 25 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 252, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650]. The importation was returned by the appraiser as rose plants, and assessed for duty at 2½ cents each.

I have read the testimony, together with the opinion of the Board and the former decision of the Board in G. A. 5,645 (T. D. 25,211), and I think the Board correctly decided upon the evidence presented that the importation consists either of cuttings of shrubs or "cuttings of * * * plants * * * commonly known as nursery or greenhouse stock," and as such is dutiable at 25 per cent. ad valorem. It appears by the evidence of Mr. Carey, witness for the protestant, that the cuttings in question are put in sand in preparation for shipment, but that they have never in fact been in soil. The provisions of paragraph 252 are not absolutely clear, but the omission of Congress to specifically mention cuttings or plants of the hybrid rose persuasively indicates, I think, that a broad interpretation of said paragraph was intended. I concur in the conclusions and reasoning of the Board, whose decision is hereby sustained.